I respectfully dissent. R.C. 2903.22 (A), the menacing statute, provides:
 No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person, such other person's unborn, or a member of the other person's immediate family.
In State v. Bayer (1995), 102 Ohio App.3d 172, 656 N.E.2d 1314, the court noted that the Committee Comment to R.C. 2903.21, the aggravated menacing statute, provides, in pertinent part, additional clarification:
 Neither aggravated menacing nor menacing requires that the offender be able to carry out his threat or even believe himself capable of carrying it out. It is sufficient if the offender knowingly causes the victim to believe the offender will carry his threat into execution.
Thus, an individual violates the menacing statute when he knowingly causes another to believe that the offender will cause harm to a person or to a person's property. See Niles v. Holloway
(Oct. 3, 1997), Trumbull App. No. 98-T-5533, unreported. The threat need not be verbalized; rather, the threat can be implied by the offender's actions. Holloway citing State v. Hoaglin (Mar. 25, 1993), Van Wert App. No. 15-92-15, unreported. Thus, the key issue is whether the victim believes that he or she is facing physical harm to person or property. Holloway.
In the case sub judice, Chris Runkle testified that appellant pointed her weapon in his direction. Appellant then apparently fired the weapon in another direction, albeit not far from Runkle's location. I note that the prosecution does not contend that appellant actually intended to shoot Runkle.
Appellant testified that she did not shoot at Runkle, but aimed the weapon in a different location and fired to scare Runkle's dog. The trial court judge, after hearing the testimony and counsels' arguments, chose to believe the prosecution's version of the facts. I note that the weight to be given the evidence and the credibility of witnesses is generally a matter for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. When an appellate court considers issues raised regarding questions of witness credibility and the weight of the evidence, the appellate court must generally defer to the trial court's conclusions and determinations. State v. Tyler (1990), 50 Ohio St.3d 24,553 N.E.2d 576.
In the instant case, evidence adduced at trial supports the conclusion that appellant pointed her weapon in Runkle's direction. Appellant later fired the weapon. Runkle testified that he believed that appellant pointed the weapon at him and that appellant intended to cause him physical harm. I believe that the prosecution satisfied the menacing statute's elements. Individuals who knowingly point weapons at other individuals or who knowingly fire weapons, no matter where the weapon is actually aimed, in an attempt to scare a victim violate the menacing statute. See, generally, In re O'Brien (Apr. 21, 1986), Butler App. No. CA85-04-028, unreported; and State v. Kelley
(Jan. 29, 1996), Warren App. No. CA95-07-073, unreported.
Additionally, I note that a defendant's intent or mental state, absent some comment or admission, must necessarily be determined by the nature of the surrounding facts and circumstances. Statev. Seiber (1990), 56 Ohio St.3d 4, 564 N.E.2d 408; State v.Flowers (1984), 16 Ohio App.3d 313, 475 N.E.2d 790. Thus, the intent to do an act may be inferred from the doing of the act.State v. Rojas (1992), 64 Ohio St.3d 131, 592 N.E.2d 1376. People are presumed to intend the natural, reasonable and probable consequences of their voluntary acts. State v. Lott (1990),51 Ohio St.3d 160, 555 N.E.2d 293.
Accordingly, based upon the foregoing reasons I would overrule appellant's assignments of error and affirm the trial court's judgment.